PAGES 1 - 22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BEFORE THE HONORABLE JEFFREY S. WHITE, JUDGE**

| | | |
|---|---|---|
| ROY A. LEWIS, | ) | |
| | ) | |
| PLAINTIFF, | ) | NO. C-16-5490 JSW |
| | ) | |
| VS. | ) | FRIDAY, MARCH 24, 2017 |
| | ) | |
| U.S. BANK NATIONAL | ) | OAKLAND, CALIFORNIA |
| ASSOCIATION, AS TRUSTEE, | ) | |
| SUCCESSOR IN INTEREST | ) | |
| TO WACHOVIA BANK, | ) | MOTION FOR PRELIMINARY |
| | ) | INJUNCTION |
| DEFENDANT. | ) | MOTION TO DISMISS |
| _____ | ) | |

### REPORTER'S TRANSCRIPT OF PROCEEDINGS

<u>APPEARANCES:</u>

**FOR PLAINTIFF:**           LAW OFFICE OF JASON W. ESTAVILLO
                            1330 BROADWAY, SUITE 1030
                            OAKLAND, CALIFORNIA 94612
                    BY:  JASON W. ESTAVILLO, ESQUIRE


**FOR DEFENDANT:**           SEVERSON & WERSON
                            ONE EMBARCADERO CENTER, 26TH FLOOR
                            SAN FRANCISCO, CALIFORNIA 94111
                    BY:  JASON M. JULIAN, ESQUIRE



**REPORTED BY:**            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                            OFFICIAL COURT REPORTER

        TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

```
1    FRIDAY, MARCH 24, 2017                          9:00 A.M.

2                    P R O C E E D I N G S

3         THE CLERK:  CALLING CASE NUMBER C-16-5490 ROY A.

4    LEWIS VERSUS UNITED STATES BANK NATIONAL ASSOCIATION.

5       COUNSEL, PLEASE STEP FORWARD TO THE PODIUMS AND STATE YOUR

6    APPEARANCES.

7         MR. JULIAN:  GOOD MORNING, YOUR HONOR.  JASON JULIAN

8    ON BEHALF OF DEFENDANT U.S. BANK.

9         THE COURT:  GOOD MORNING.

10         MR. ESTAVILLO:  GOOD MORNING, YOUR HONOR.  JASON

11   ESTAVILLO ON BEHALF OF PLAINTIFF.  AND WITH ME IS SALEEMAH

12   JONES.  SHE JUST STARTED -- SHE JUST TOOK THE BAR.  SHE'S

13   LICENSED IN THREE OTHER STATES --

14         THE COURT:  ALL RIGHT.  WELCOME.

15         THE CLERK:  CAN YOU SPELL HER NAME?

16         MR. ESTAVILLO:  S- AS IN SAM, A-L-E-E-M-A-H

17   J-O-N-E-S.

18         THE CLERK:  THANK YOU VERY MUCH.

19         THE COURT:  OKAY.

20      SO THE COURT HAS ISSUED A TENTATIVE RULING IN THE CASE,

21   AND QUESTIONS TO BE RESPONDED TO IN ORDER TO DETERMINE WHETHER

22   THE COURT ULTIMATELY GOES WITH ITS TENTATIVE RULING.

23      SO, THE FIRST QUESTION IS PRETTY SIMPLE.  AND THAT IS, IF

24   THE COURT WERE TO GRANT PLAINTIFF LEAVE TO AMEND, WHAT

25   ADDITIONAL FACTS, IF ANY, COULD THE PLAINTIFF ALLEGE TO
```

1   SUPPORT EACH OF HIS CLAIMS?

2        **MR. ESTAVILLO:**  WOULD YOU LIKE ME TO ADDRESS THAT,

3   YOUR HONOR?

4        **THE COURT:**  YES, PLEASE.  AND THE SPECIFIC QUESTION

5   THAT I ASK BELOW ABOUT THE ALLEGATION CONCERNING THE SALE OF

6   THE LOAN AND IDENTIFICATION, IF ADDITIONAL FACTS THAT WOULD

7   ASSIST EACH CLAIM, AND -- SO IN OTHER WORDS, I'M ASKING FOR A

8   HIGH LEVEL OF SPECIFICITY BECAUSE I AM TASKED WITH THE IDEA OF

9   DETERMINING WHETHER, IF I DO DISMISS THE CASE, TO GIVE YOU AN

10  OPPORTUNITY TO AMEND.

11       **MR. ESTAVILLO:**  YES, YOUR HONOR.  THANK YOU.

12       WITH REGARD TO YOUR FIRST QUESTION, WHAT ADDITIONAL FACTS

13  CAN PLAINTIFF ALLEGE TO SUPPORT HIS CLAIMS, I THINK WHAT WE

14  HAVE SINCE THE LAST TIME WE WERE HERE -- THERE HAS BEEN

15  SUBSEQUENT BRIEFING, DECLARATIONS, AND OTHER EVIDENCE

16  SUBMITTED TO THE COURT.

17       I THINK WHAT OUR POSITION IS, IS THAT THE PROMISSORY NOTE

18  FAILS TO PROVE -- IT'S STILL OUR POSITION THAT THE PROMISSORY

19  NOTE, EVEN WITH -- THAT'S BEEN PRODUCED, FAILS TO PROVE THAT

20  U.S. BANK -- AM I SPEAKING TOO FAST -- IS THE OWNER OF THE

21  LOAN.

22       AND IT'S OUR POSITION AS WELL THAT IT ACTUALLY RAISES MORE

23  ISSUES NOW THAN WE HAD BEFORE.  U.S. BANK IS RELYING UPON A

24  2011 ASSIGNMENT OF DEED OF TRUST THAT ITS SPECIFIC LANGUAGE

25  WITHIN THAT ASSIGNMENT PURPORTS TO ASSIGN THE DEED OF TRUST

1    AND NOTE --

2              **THE COURT:**  LET ME INTERPRET YOU AND MAKE SURE THAT

3    YOU'RE RESPONDING TO THE COURT'S QUESTION.

4        AS YOU REPRESENT THESE FACTS TO THE COURT, PLEASE INDICATE

5    WHAT CLAIMS THESE FACTS WOULD APPLY TO SO THE COURT CAN

6    CAREFULLY DETERMINE IF IT'S GOING TO ALLOW LEAVE TO AMEND,

7    WHERE THE FACTS THAT YOU ARE NOW OFFERING TO THE COURT TO

8    WHICH CLAIMS THOSE FACTS MIGHT APPLY.

9              **MR. ESTAVILLO:**  YES, YOUR HONOR.

10             **THE COURT:**  THANK YOU.

11             **MR. ESTAVILLO:**  WITH REGARD TO THE ISSUE -- THE

12   FACTS -- MY DISCUSSION RIGHT NOW ARE ARGUMENT.  I AM FOCUSING

13   ON I THINK THE CANCELLATION OF INSTRUMENTS, THE VIOLATION OF

14   BUSINESS -- CAUSE OF ACTION NO. 1, WHICH IS CANCELLATION OF

15   INSTRUMENTS.  CAUSE OF ACTION NO. 2, THE VIOLATION OF THE

16   CALIFORNIA BUSINESS CODE AND PROFESSION CODE SECTION 17200, ET

17   SEQ, DEC RELIEF ALSO.  ALSO VIOLATION OF 2923.55 ALONG WITH

18   BREACH OF CONTRACT.  AND I'LL EXPOUND ON WHY I THINK ALL THOSE

19   ARE ENCOMPASSED BY MY ARGUMENT RIGHT NOW.

20       THE 2011 ASSIGNMENT, AS I WAS ADDRESSING EARLIER, PURPORTS

21   TO ASSIGN THE NOTE AND DEED OF TRUST TO U.S. BANK.  WE, IN OUR

22   SUBSEQUENT FILING, PROVIDED A DECLARATION OF MR. RICHARD KAHN,

23   AND BECAUSE OF THE RESTRICTIONS ON THE PAGES WE COULD DO, WE

24   DID NOT FULLY VET THE ARGUMENTS OF WHY WE THINK THAT MY

25   CLIENT, ONE, THE MOTION TO DISMISS SHOULD BE DENIED AND, TWO,

1    THE PRELIMINARY INJUNCTION SHOULD BE GRANTED.

2        SPECIFICALLY, IN HIS DECLARATION, IT DISCUSSES WHY THAT

3    ASSIGNMENT FAILS.  THE FIRST -- IT FAILS FOR -- FIRST REASON

4    IS, IT FAILS TO PROPERLY IDENTIFY THE TRUST.  THE SECOND IS,

5    THE TRUST THAT U.S. BANK IS A REMIC TRUST, WHICH IS A REAL

6    ESTATE MORTGAGE INVESTMENT CONDUIT.  AND THERE ARE RULES THAT

7    IT MUST FOLLOW.

8        ONE OF THOSE RULES IS THAT IT PROHIBITS IT FROM SELLING OR

9    ACQUIRING A DEFAULTED LOAN.  AND IN 2011 A NOTICE OF DEFAULT

10   WAS RECORDED AGAINST THE PROPERTY THAT PURPORTED MY CLIENT WAS

11   IN DEFAULT FOR $32,000.  THEREFORE, THE ASSIGNMENT WAS

12   RECORDED ON OR ABOUT THE SAME TIME.  IT'S IMPOSSIBLE FOR THE

13   TRUST TO HAVE ACQUIRED IT IN 2011 BASED ON ITS OWN RULES AND

14   REGULATIONS.

15   NO. 3 WAS, THE NOTE HAS TO BE PROPERLY ENDORSED.  AND

16   WELLS FARGO WAS PROHIBITED FROM -- WELLS FARGO HOME MORTGAGE

17   WAS PROHIBITED FROM ENDORSING THE NOTE DIRECTLY TO THE TRUST.

18   THERE HAS TO BE INTERVENING ENDORSEMENTS.  AND THAT'S PER THE

19   POOLING AND SERVICING AGREEMENT.  AND, AGAIN, WE RAISE THOSE

20   IN OUR REPLY TO DEFENDANT'S MOVING PAPERS -- NOT MOVING

21   PAPERS, THEIR SUBSEQUENT FILING.

22   THE REMIC RULES ALSO PROHIBIT THE TRUST FROM PURCHASING

23   ANY LOANS TWO YEARS AFTER 2005 WHEN IT WAS CREATED.  AND IT'S

24   ALLEGING TO HAVE ACQUIRED THIS LOAN IN 2011.

25   AND, AGAIN, THIS IS ALL IN OUR -- IN MR. KAHN'S

1    DECLARATION.

2       SO HERE'S WHAT WE DO KNOW IS THAT WELLS FARGO HOME

3    MORTGAGE NOR WELLS FARGO BANK CLAIMS TO OWN THE LOAN.  THERE'S

4    NO EVIDENCE TO SUPPORT THAT POSITION.  U.S. BANK IS CLAIMING

5    TO HAVE ACQUIRED IT, BUT WE HAVE SPECIFIC EVIDENCE OF WHY THE

6    EVIDENCE THEY HAVE PROVIDED DOESN'T SUPPORT THAT POSITION.

7       SO IT ACTUALLY SUPPORTS OUR POSITION EVEN MORE THAT

8    SOMEONE ELSE OWNS THE LOAN.  WE DON'T KNOW WHO IT IS,

9    OBVIOUSLY, AT THIS TIME BECAUSE WE HAVEN'T DONE ANY DISCOVERY,

10   BUT WHAT THEY HAVE PROVIDED SUBSTANTIATES, I BELIEVE, OUR

11   POSITION.  THERE IS ACTUALLY NO EVIDENCE PROVIDED BY U.S. BANK

12   ITSELF THAT WELLS FARGO HAS AUTHORITY TO ACT ON THEIR BEHALF.

13   THERE IS ONLY A DECLARATION FROM WELLS FARGO -- WELLS FARGO IS

14   NOT A PARTY TO THIS ACTION.  U.S. BANK IS THE ONLY DEFENDANT

15   IN THIS CASE, AND YET WELLS FARGO IS MAKING ALL THESE

16   STATEMENTS ON BEHALF U.S. BANK BUT THERE'S NO EVIDENCE OR

17   DECLARATION FROM U.S. BANK, NO POWER OF ATTORNEY OR ANY

18   EVIDENCE TO SUPPORT THAT THEY HAVE THE AUTHORITY TO ACT ON

19   BEHALF OF U.S. BANK.

20          **THE COURT:**  WHAT WOULD YOU ALLEGE IN AN AMENDED --

21   FURTHER AMENDED COMPLAINT THAT CONTRAVENES WHAT WAS

22   REPRESENTED TO THE COURT?

23       YOU CAN'T JUST SAY, WELL, IT'S NOT TRUE.  THEY HAVE

24   SUBMITTED EVIDENCE.  THERE HAVE BEEN OBJECTIONS MADE.  THE

25   COURT RULED ON THE OBJECTIONS.  TO SIMPLY SAY IT'S NOT TRUE,

1    OF COURSE, YOU AFFIRMATIVELY WOULD NEED TO ALLEGE FACTS

2    COMPLYING WITH RULE 11 THAT WHAT THEY ARE SAYING IS NOT TRUE

3    AND, THEREFORE, THERE ARE LEGAL CONSEQUENCES AND, THEREFORE,

4    SUCH AN AMENDMENT WOULD NOT BE FUTILE.

5            **MR. ESTAVILLO:**  WELL -- AND I THINK WHAT -- IN

6    ADDITION TO WHAT WE HAVE ALREADY ADDRESSED IN OUR MOVING

7    PAPERS, SUBSEQUENT FILING THAT WAS FILED ON JANUARY 9TH,

8    THERE'S AN ENDORSEMENT THAT WAS ON THE NOTE THAT IS SUSPICIOUS

9    AT BEST.  IT CLAIMS TO HAVE BEEN ENDORSED... I AM LOOKING FOR

10   THE SPECIFIC NAME.  I APOLOGIZE, YOUR HONOR.

11           **THE COURT:**  ALL RIGHT.  TAKE YOUR TIME.

12                   (PAUSE IN THE PROCEEDINGS.)

13           **MR. ESTAVILLO:**  IT WAS A LONG DECLARATION, SO I AM

14   TRYING TO FIND THE EXACT LANGUAGE.

15           **THE COURT:**  WHILE YOU ARE DOING THAT, LET ME TALK TO

16   MY COURTROOM DEPUTY CLERK.

17                   (PAUSE IN THE PROCEEDINGS.)

18           **THE COURT:**  SORRY, COUNSEL.  DID YOU FIND IT YET?

19           **MR. ESTAVILLO:**  I HAVE A COPY OF THE NOTE PRODUCED.

20   I CAN REFER TO THAT.

21           **THE COURT:**  OKAY.  THANK YOU.

22           **MR. ESTAVILLO:**  WHICH WAS DOCUMENT 37-1.  IT IS

23   PAGE 4.  AND THERE -- APPARENTLY THAT'S HEATHER PARTIN.  SHE'S

24   ASSISTANT SECRETARY AT WELLS FARGO HOME MORTGAGE.  WE'VE

25   PROVIDED EVIDENCE OF OTHER SIGNATURES BY THAT INDIVIDUAL THAT

1    DON'T MATCH THAT ONE AT ALL.  AND SO I THINK THAT THERE'S --

2    THAT'S EVIDENCE TO SUPPORT OUR POSITION THAT'S A VOID

3    ENDORSEMENT.  IT'S ALSO SUSPECT.

4        AND WELLS FARGO, WE KNOW, LAST YEAR WAS FOUND TO BE

5    COMMITTING FRAUD, OPENING ACCOUNTS.  THEY ARE NOT INNOCENT

6    WHEN IT COMES TO VIOLATING THE LAW IN OTHER AREAS.

7        I'M NOT SAYING THEY HAVE DONE THAT HERE, BUT IT IS

8    SOMEWHAT SUSPECT WHEN THEY PROVIDED US A COPY OF THE NOTE IN

9    2015 THAT'S SUPPOSED TO BE TO VALIDATE THE LOAN AND VALIDATE

10   U.S. BANK HAVING OWNERSHIP THAT DOESN'T HAVE THE ENDORSEMENT.

11   AND THEN ALL OF A SUDDEN THERE IS A DECLARATION SAYING WE HAVE

12   IT IN THE SAFE, AND HERE IT IS.  AND THEN THE SIGNATURE ON

13   THERE, AGAIN, DOESN'T EVEN MATCH ANY OF THE OTHER SIGNATURES

14   OF RECORDED DOCUMENTS BY THAT INDIVIDUAL.

15       SO I THINK THESE ARE ADDITIONAL FACTS THAT WE CAN ALLEGE

16   IN OUR AMENDED COMPLAINT TO SHOW THAT WHAT THEY PROVIDED

17   DOESN'T SUPPORT THEIR POSITION, THAT IT ACTUALLY SUPPORTS OUR

18   POSITION EVEN MORE, ALONG WITH THE TRUST THAT IS PURPORTING TO

19   BE THE OWNER CANNOT CLAIM OWNERSHIP BASED ON ITS OWN RULES.

20            **THE COURT:**  ALL RIGHT.  ANYTHING FURTHER ON THAT

21   POINT?

22            **MR. ESTAVILLO:**  NO.

23            **THE COURT:**  LET ME HEAR FROM YOU, MR. JULIAN.

24       AND, AGAIN, JUST TO REFRAME THE ISSUE HERE, WE ARE NOT

25   SORT OF IN A "HE SAID SHE SAID" KIND OF SITUATION.  WE ARE NOT

1    AT SUMMARY JUDGMENT.

2        I HAVE ASKED IF CERTAIN FACTS -- IF THE COURT WERE TO

3    ALLOW THE PLAINTIFF TO AMEND AGAIN, WHAT FACTS WOULD HE

4    ALLEGE, AND WOULD THOSE FACTS, TAKEN AS TRUE, AS THE COURT

5    MUST UNDER A MOTION ADDRESSED IN THE PLEADINGS, WOULD THAT

6    AMENDMENT BE FUTILE.

7        OF COURSE THERE'S ANOTHER ISSUE ABOUT WHETHER THAT WOULD

8    VIOLATE RULE 11, BUT THAT WOULD NOT BE THE ISSUE FOR THE

9    COURT.  IF YOU JUST -- WELL, THEY SAID -- I'LL JUST MAKE IT

10   UP.  WE FORGED THE NOTE -- YOU FORGED THE NOTE -- OR YOU ARE

11   LIKELY TO HAVE FORGED THE NOTE, SO MY ISSUE WOULD BE THEN, THE

12   COURT'S ISSUE, IF THAT'S TRUE, WOULD THAT THEN ALLOW THE CASE

13   TO GO TO THE NEXT STEP?

14       SO THAT'S THE WAY I WOULD LIKE YOU TO FRAME YOUR ARGUMENT.

15       **MR. JULIAN:**  UNDERSTOOD, YOUR HONOR.  THANK YOU.

16       FIRST OF ALL, I WOULD LIKE TO POINT OUT FROM WHAT I HEARD

17   FROM COUNSEL, HE REALLY DIDN'T ADDRESS THE QUESTION THAT WAS

18   POSED IN THE COURT'S NOTICE OF TENTATIVE RULING.

19       THE QUESTION THE COURT ASKED WAS, FOR EXAMPLE,

20   SPECIFICALLY WHAT FACTS COULD BE ALLEGED TO SUPPORT THE

21   ALLEGATION IN THE COMPLAINT THAT THE LOAN WAS SOLD BY WELLS

22   FARGO BETWEEN 2002 AND 2004.  I DIDN'T HEAR ANYTHING ABOUT

23   THAT.

24       WHAT I DID HEAR WAS MOSTLY A REPETITION OF THE ARGUMENTS

25   MADE IN THE COMPLAINT AND IN THE PRELIMINARY INJUNCTION

1    MOTION.  NUMBER ONE THAT THE ASSIGNMENTS WERE INVALID AND,

2    NUMBER TWO, THAT THE PROMISSORY NOTE WAS PROBLEMATIC.

3        NOW, I THINK IT IS IMPORTANT TO NOTE THAT PLAINTIFF HAS

4    MOVED THE GOALPOSTS.  WHEN WE WERE HERE LAST, THE ARGUMENT WAS

5    THERE WAS NO ENDORSEMENT ON THE NOTE BASED ON THE FACT THAT

6    PLAINTIFF HAD A COPY OF THE NOTE WITH NO ENDORSEMENT ON IT,

7    WHICH IS NOT AT ALL SURPRISING BECAUSE WHEN LOAN DOCUMENTS ARE

8    ORIGINATED AND IMPLEMENTED, OBVIOUSLY WHEN THE PERSON FIRST

9    SIGNS IT, COPIES ARE MADE, IT IS NOT YET ENDORSED.

10       WE HAD OFFERED TO THE COURT TO PRODUCE A COPY OF THE

11   ORIGINAL ENDORSED NOTE.  I HAVE WITH ME, YOUR HONOR, HERE THE

12   ACTUAL ORIGINAL INK-SIGNED COPY OF THE ORIGINAL NOTE.  WE WENT

13   TO THAT LENGTH AND THAT TROUBLE TO ADDRESS THE ARGUMENT THAT

14   WAS MADE IN THE ORIGINAL PRELIMINARY INJUNCTION MOTION.

15       HOWEVER, WHAT WE ARE HEARING NOW IS THAT PLAINTIFF TAKES

16   ISSUE WITH THE ACTUAL ENDORSEMENT THAT'S THERE.  SO I THINK

17   PLAINTIFFS MOVED THE GOALPOSTS.  WE HAVE HAD NO OPPORTUNITY

18   REALLY TO ADDRESS THAT BECAUSE IT'S A NEW ARGUMENT, AND I

19   DON'T SEE ANY JUSTIFICATION FOR THAT ARGUMENT.

20       BUT MORE IMPORTANTLY, AS WE'VE ARGUED IN OUR PAPERS BOTH

21   WITH RESPECT TO THE MOTION TO DISMISS AND THE PRELIMINARY

22   INJUNCTION, THERE IS NO REQUIREMENT -- COURTS HAVE CLEARLY

23   HELD UNDER CALIFORNIA LAW THAT WE DO WHAT WE'VE DONE, WHICH IS

24   PRODUCE THE ORIGINAL NOTE.  IT IS SIMPLY NOT REQUIRED UNDER

25   CALIFORNIA LAW.

1    THE NONJUDICIAL FORECLOSURE STATUTES ARE AN EXPEDITED

2    PROCEDURE FOR A LOT OF REASONS; FOR PUBLIC POLICY PURPOSES,

3    ONE OF WHICH IS TO PREVENT EXACTLY WHAT HAS HAPPENED

4    REPEATEDLY WITH THIS PLAINTIFF, THIS BORROWER.

5    THIS BORROWER SEEMS TO FIND FAULT WITH HIS LENDER AND

6    PERCEIVED TECHNICALITIES WHEN HE'S IN DEFAULT ON HIS LOAN.  HE

7    DID SO IN 2011.  HE DID SO IN 2015.  AND FAILED IN CONTRA

8    COSTA COUNTY SUPERIOR COURT MAKING EXACTLY THE SAME ARGUMENTS

9    THAT ARE BEFORE THE COURT HERE, AND NOW HE'S BACK IN 2016 AND

10   2017 MAKING PRECISELY THE SAME ARGUMENTS.

11   SO, YOUR HONOR, I WOULD SUBMIT THAT MY CLIENT HAS GONE THE

12   EXTRA MILE DOING THINGS THAT'S NOT EVEN REQUIRED BY LAW TO

13   PRODUCE TO ADDRESS THE ARGUMENTS THAT WERE MADE, AND NOW MOST

14   OF WHAT I AM HEARING, WHICH IS REPEATED IN THE PAPERS AND

15   SOMEWHAT IN THE SUPPLEMENTAL BRIEFING, ARE NEW ARGUMENTS.

16   SO I WOULD SAY IT'S INAPPROPRIATE FOR THOSE NEW ARGUMENTS

17   TO BE MADE, BUT EVEN SO, IF THE COURT IS CONSIDERING GIVING

18   THE PLAINTIFF LEAVE TO AMEND, I THINK LEAVE TO AMEND WOULD BE

19   FUTILE BECAUSE THE CASE LAW CITED IN OUR BRIEFS MAKES CLEAR

20   THAT AN ATTACK ON AN ASSIGNMENT DOES NOT GIVE A PLAINTIFF A

21   CAUSE OF ACTION BECAUSE THAT TRANSACTION WOULD MERELY BE

22   VOIDABLE.

23   WHAT I HEARD WAS PLAINTIFF REPEATING ATTACKS ON TRANSFER

24   UNDER THE POOLING AND SERVICING AGREEMENT.  AND THE MULTIPLE

25   CASES CITED IN OUR BRIEF MAKE CLEAR THAT DOES NOT GIVE A CAUSE

1    OF ACTION.  THE NINTH CIRCUIT HAS HELD THAT.  CALIFORNIA

2    APPELLATE COURT IN *SATERBAK* HELD THE SAME.

3        SO THAT'S WHAT I AM HEARING WITH RESPECT TO THE COURT'S

4    QUESTION, WHICH WAS, DO YOU HAVE ANY FACTS YOU CAN ALLEGE OR

5    BACK UP THAT THE LOAN WAS SOLD BETWEEN 2002 AND 2004.  AND I

6    BELIEVE WHAT THE COURT IS FOCUSING ON THERE IS SOME OF THE

7    CASE LAW WITH DIFFERENT FACTS WHERE THERE WERE ACTUAL FACTS OR

8    EVIDENCE TO SUPPORT A SHOWING THAT A FORECLOSING LENDER WAS

9    NOT THE OWNER, WHICH IS NOT THE CASE WE HAVE HERE, THEN THAT

10   MIGHT BE A DIFFERENT SITUATION.

11       BUT I GUESS THE COURT HAS CLEARLY POINTED OUT, IN THIS

12   INSTANCE ALL WE HAVE IS JUST A STATEMENT OF HIM SAYING YOU

13   SOLD THE LOAN TO SOMEBODY AT SOME TIME, THEREFORE, THE OWNER

14   IS NOT YOU.

15       THIS CASE STARTED ITS LIFE IN STATE COURT.  IT'S NOW IN

16   ITS THIRD YEAR IN THIS INCARNATION.  PLAINTIFF HAS HAD AMPLE

17   OPPORTUNITY TO COME UP WITH SOME TYPE OF FACTUAL ALLEGATIONS

18   TO SUPPORT THAT CLAIM.  I HAVE HEARD NOTHING ABOUT IT TODAY,

19   BUT I THINK TO AVOID PREJUDICE AND DAMAGE TO MY CLIENT, WHO IS

20   ENTITLED TO FORECLOSE, I THINK THE PRELIMINARY INJUNCTION MUST

21   BE DENIED AND THE MOTION TO DISMISS MUST BE GRANTED.

22   OTHERWISE WHAT ENDS UP BEING ACCOMPLISHED IS, I BELIEVE, WHAT

23   THE PURPOSE IS, AND THAT IS TO STALL AND DELAY THE

24   FORECLOSURE.

25           **THE COURT:**  ALL RIGHT.  I WILL GIVE YOU THE LAST WORD

```
1    ON THIS QUESTION, COUNSEL.

2              MR. ESTAVILLO:  YES, YOUR HONOR.

3       WITH REGARD TO YOUR TENTATIVE DECISION, I BELIEVE, YOU

4    ASKED ME TO IDENTIFY ANY ADDITIONAL FACTS THAT COULD BE

5    INCORPORATED TO THE COMPLAINT THAT WERE NOT IN THE ORIGINAL

6    COMPLAINT.  AND I HAVE IDENTIFIED SEVERAL ADDITIONAL FACTS

7    BASED ON OUR INVESTIGATION THAT HAS TRANSPIRED SINCE WE FILED

8    THIS COMPLAINT BASED ON A REVIEW OF EVIDENCE THAT WAS PROVIDED

9    BY THE DEFENDANT IN THIS CASE.

10             THE COURT:  WHAT ABOUT THE EVIDENCE -- THE SPECIFIC

11   EVIDENCE OF THE -- I ASKED -- YES, THAT'S TRUE -- FOR ANY

12   FACTS THAT YOU COULD ALLEGE.  AND THEN I ASKED, GIVE AN

13   EXAMPLE REGARDING FACTS TO SUPPORT THE ALLEGATION THAT WELLS

14   SOLD YOUR CLIENT'S LOAN BETWEEN NOVEMBER 28TH OF '02 AND

15   MAY 8TH OF '04.

16             MR. ESTAVILLO:  THAT WAS AN EXAMPLE.  AND I TRIED TO

17   ADDRESS THAT.

18      WHAT I WAS TRYING TO SAY IS, WHAT WE DO KNOW IS WELLS

19   FARGO ISN'T CLAIMING OWNERSHIP OF THE LOAN.  WELLS FARGO HOME

20   MORTGAGE IS NOT AND U.S. BANK IS CLAIMING OWNERSHIP.  HOWEVER,

21   THE EVIDENCE THEY HAVE PROVIDED DOESN'T SUPPORT THE POSITION

22   THAT THEY COULD HAVE EVEN OWNED THE LOAN.  SO, THEREFORE,

23   SOMEONE ELSE HAS TO OWN THE LOAN.

24      DO WE HAVE SPECIFIC EVIDENCE TO SHOW TO THE COURT AT THIS

25   POINT --
```

```
1            THE COURT:  BUT IS THAT CLAIM -- SO YOU DON'T HAVE

2     THE EVIDENCE?

3            MR. ESTAVILLO:  WE DON'T HAVE ANY -- WE DON'T --

4     BESIDES WHAT HAS BEEN PRODUCED HERE AND BESIDES THE

5     INVESTIGATION BY MR. KAHN?  BUT, FOR EXAMPLE --

6            THE COURT:  BUT ARE THOSE CLAIMS COGNIZABLE HERE EVEN

7     IF THE FACTS WERE TRUE GIVEN THE STATE OF CALIFORNIA LAW WITH

8     RESPECT TO VOID AND VOIDABLE ASSIGNMENTS?

9            MR. ESTAVILLO:  I THINK THIS ASSIGNMENT IS VOID.  IT

10    CAN'T BE -- THERE'S NO WAY TO CORRECT IT.  WE COULD ALLEGE

11    FACTS TO SUPPORT THAT POSITION.

12           THE COURT:  ON WHAT -- WHAT FACTS SPECIFICALLY?

13           MR. ESTAVILLO:  THAT THE TRUST CANNOT -- THERE'S NO

14    WAY FOR THAT TRUST TO EVER ACCEPT THAT LOAN AT THIS POINT.

15           THE COURT:  I THINK WE HAVE BEAT THIS HORSE TO DEATH

16    HERE.

17       ANYTHING ELSE YOU WANT TO ADD?  I AM NOT SHUTTING YOU DOWN

18    ARBITRARILY.  WE ARE JUST REPEATING.  AND I UNDERSTAND THE

19    ARGUMENTS THAT YOU'VE MADE AND THE ARGUMENTS THAT THE

20    DEFENDANT HAS MADE ON THIS ISSUE.

21       IS THERE ANYTHING FURTHER YOU WANT TO ADD?

22           MR. ESTAVILLO:  THE REASON THESE ISSUES WEREN'T

23    BROUGHT UP BEFORE IS WE DIDN'T HAVE THIS EVIDENCE BEFORE US.

24           THE COURT:  ALL RIGHT.

25           MR. ESTAVILLO:  THEY'RE CLAIMING TO HAVE PROVIDED A
```

```
1    NOTE THAT IS THE ORIGINAL WITH AN ENDORSEMENT.  WE HAVE

2    EVIDENCE PROVIDED THROUGH THE DECLARATION OF MR. KAHN ON

3    PAGE 11 THAT IDENTIFIES OTHER SIGNATURES THAT DON'T EVEN MATCH

4    THAT ENDORSEMENT.

5            THE COURT:  ALL RIGHT.

6            MR. ESTAVILLO:  SO I THINK IT SUPPORTS OUR POSITION

7    THAT THERE IS MORE REASONS WHY U.S. BANK CAN'T CLAIM

8    OWNERSHIP --

9            THE COURT:  IS MR. KAHN AN EXPERT?

10           MR. ESTAVILLO:  YES.

11           THE COURT:  ALL RIGHT.

12      SO LET'S MOVE ON TO THE NEXT QUESTION THEN.  AND THAT HAS

13   TO DO WITH THE ISSUE OF A STAY.  IF THE COURT STANDS BY ITS

14   RULING ON THE MOTION FOR PRELIMINARY INJUNCTION OR DETERMINES

15   THAT FURTHER AMENDMENT WOULD NOT BE WARRANTED AND DISMISSES

16   WITH PREJUDICE AND THAT'S APPROPRIATE, WHAT IS PLAINTIFF'S

17   BEST ARGUMENT THAT THE COURT SHOULD STAY EITHER RULING PENDING

18   AN APPEAL?

19           MR. ESTAVILLO:  WELL, YOUR HONOR, I THINK THE FACT IS

20   THAT WE ARE TALKING ABOUT A PIECE OF PROPERTY.  MY CLIENT

21   CAN'T ABSCOND WITH IT.  HE CAN'T GO -- RUN AWAY WITH IT.  HE'S

22   TAKING CARE OF IT.  IT'S BEING -- IT'S NOT BEING -- THERE'S NO

23   WASTE GOING ON.

24           THE COURT:  HOW MUCH IS HE PAYING A MONTH?

25           MR. ESTAVILLO:  HE'S NOT MAKING ANY PAYMENTS RIGHT
```

```
1    NOW.
2              THE COURT:  SO THAT'S NOT A PROBLEM FOR THE BANK
3    THEN?
4              MR. ESTAVILLO:  NO, I MEAN IF THE COURT --
5              THE COURT:  THEY WILL NEVER GET BACK, RIGHT?
6              MR. ESTAVILLO:  THE PROPERTY IS WORTH MORE THAN
7    WHAT'S OWED -- THEY ARE CLAIMING IS OWED ON THE LOAN.
8              THE COURT:  SO YOUR CLIENT IS LIVING THERE NOW
9    BASICALLY RENT FREE AND MORTGAGE PAYMENT FREE, CORRECT?
10             MR. ESTAVILLO:  RIGHT NOW THAT IS CORRECT.
11             THE COURT:  ALL RIGHT.  CONTINUE WITH YOUR ARGUMENT.
12             MR. ESTAVILLO:  I THINK, YOUR HONOR, IF THE COURT IS
13   INCLINED TO GRANT THE MOTION TO DISMISS WITH PREJUDICE, THE
14   COURT SHOULD STAY ANY FORECLOSURE ACTIVITY.  UNDERSTAND WE
15   WOULD -- SOME TYPE OF BOND WOULD BE POSTED OR SOME TYPE OF
16   PAYMENT.
17             THE COURT:  ON WHAT GROUND?  I MEAN, NOW WE'RE
18   TALKING ABOUT -- WHAT WOULD BE THE LEGAL GROUND FOR THE COURT
19   TO EXERCISE ITS DISCRETION TO STAY ITS -- TO STAY THE ORDER
20   DENYING THE PRELIMINARY INJUNCTION?
21             MR. ESTAVILLO:  THE IRREPARABLE HARM THAT MY CLIENT
22   WOULD SUFFER IF THE COURT DOESN'T STAY THAT.
23             THE COURT:  ANYTHING ELSE?  YEAH, OKAY, PROPERTY IS
24   UNIQUE AND THAT'S, OF COURSE, WELL RECOGNIZED IN EQUITY.  BUT
25   DON'T YOU HAVE TO SHOW SOMETHING MORE?  PROBABILITY -- SOME
```

1  LIKELIHOOD OF SUCCESS ON APPEAL OR SOME OTHER... SOME OTHER

2  STANDARD OTHER THAN IRREPARABLE HARM?

3       **MR. ESTAVILLO:**  WELL, YOUR HONOR, I THINK WHAT YOU'RE

4  ARE ASKING ME IS TO SAY WHY, IF YOU RULE THAT WAY, WHY IS YOUR

5  RULING INCORRECT.

6       **THE COURT:**  YOU CAN SAY THAT.

7       **MR. ESTAVILLO:**  AND I THINK THAT -- THE 30-PAGE

8  DECLARATION WITH THE 700 PAGES OF EXHIBITS TO MY CLIENT'S

9  DECLARATION, THAT SPECIFICALLY IDENTIFIES FALLACIES WITHIN

10  WELLS FARGO'S DECLARATION.

11     THEY PROVIDED -- FOR EXAMPLE, THEY PROVIDED A SERVICING

12  AGREEMENT THAT THEY CLAIM IS THE BASIS BY WHICH THEY CAN TAKE

13  SOME OF THE ACTIONS THEY DID TAKE.

14     AND THE SERVICING AGREEMENT, EXHIBIT 5 TO WELLS FARGO'S

15  DECLARATION, IS A SELLER'S WARRANTIES AND SERVICING AGREEMENT.

16  THEY ARE CLAIMING THIS IS THE AGREEMENT FOR THIS TRUST, YET IT

17  IDENTIFIES A COMPLETELY DIFFERENT TRUST.  AT THE BOTTOM IS

18  WFHM 2005-W62.

19       **THE COURT:**  SO SORT OF CHARACTERIZING YOUR ARGUMENT,

20  YOU'RE SAYING YOU WOULD GO TO THE NINTH CIRCUIT, FOR EXAMPLE,

21  AND SAY, SEE, THE JUDGE SHOULD HAVE ALLOWED US -- THE COURT

22  SHOULD HAVE ALLOWED US TO AMEND OUR COMPLAINT TO ALLEGE THAT

23  AND, THEREFORE, WE HAVE A LIKELIHOOD OF SUCCESS ON APPEAL WITH

24  REMAND TO ALLOW AN AMENDED COMPLAINT TO ALLEGE WHAT YOU JUST

25  STATED, THE IRREGULARITIES IN THE AGREEMENT.  CORRECT?

1          **MR. ESTAVILLO:**  THAT ALONG WITH THE ENDORSEMENT ON

2     THE NOTE AND THE ISSUES -- YES.  IN ADDITION TO THE OTHER

3     ARGUMENTS.

4          **THE COURT:**  WHAT'S YOUR RESPONSE?  WE ARE SORT OF AT

5     THE NARROW END OF THE FUNNEL HERE DEALING WITH SHOULD THE

6     COURT -- IF THE COURT DECIDES TO GO WITH ITS TENTATIVE RULING,

7     STAY THE ORDER PENDING APPEAL.

8          **MR. JULIAN:**  UNDERSTOOD, YOUR HONOR.

9       I THINK WITH RESPECT TO THE COURT'S CONSIDERATION OF

10    STAYING ANY RULING, I THINK, AS I SAID BEFORE, THIS CASE TO

11    ME -- AND I WORK IN THIS AREA, HAVE LOTS OF CASES OF THIS

12    TYPE, BUT IT'S A RATHER STARK EXAMPLE OF A SUIT AIMED AT

13    DELAY.

14      THERE'S NO ALLEGATION HERE THAT PLAINTIFF WISHES TO PAY

15    ANYBODY ANYTHING.  THE COURT NOTED THAT HE'S LIVING FOR FREE.

16    THERE'S NO ALLEGATION THAT HE THINKS HE SHOULD HAVE QUALIFIED

17    FOR A WORKOUT OR LOAN MODIFICATION.  IT IS PURELY AN

18    EVER-EVOLVING MOVING THE GOALPOSTS ATTACK ON ANY DOCUMENT OR

19    OTHER ITEM THAT'S PRODUCED.

20      LIKE I SAID, YOUR HONOR, THE PURPOSE OF THIS IS TO DELAY

21    THE FORECLOSURE WHICH, AS I THINK THE COURT HAS PICKED UP ON,

22    WOULD PREJUDICE MY CLIENT.  IT WOULD DENY THEM THEIR RIGHTS

23    UNDER THE CALIFORNIA NONJUDICIAL FORECLOSURE SCHEME OF AN

24    EXPEDITED AND SPEEDY NONJUDICIAL FORECLOSURE BASED ON A CASE

25    THAT'S ALREADY FAILED IN ANOTHER VENUE.

1        THE COURT:  LET ME ASK YOU THIS:  DO YOU HAVE ANY

2   INFORMATION ABOUT THE VALUE OF THE PROPERTY AS -- LET ME

3   FINISH THE QUESTION -- AS IT MAY RELATE TO, FOR EXAMPLE, THE

4   BANK RECOUPING ITS LOSSES BY VIRTUE OF THE PLAINTIFF LIVING

5   ESSENTIALLY RENT FREE?

6        MR. JULIAN:  RIGHT.  YOUR HONOR, AS I SIT HERE RIGHT

7   NOW, I DON'T HAVE A CURRENT VALUE VERSUS -- TO DETERMINE RIGHT

8   NOW WHETHER THE PROPERTY IS UNDER WATER OR ANY OF THOSE

9   FINANCIAL ASPECTS.

10        THE COURT:  OKAY.

11        MR. JULIAN:  BUT I THINK, UNFORTUNATELY, IN RECENT

12   YEARS AS CASES LIKE THIS HAVE WORKED THEIR WAY THROUGH THE

13   COURTS, THERE HAS DEVELOPED A COTTAGE INDUSTRY OF EXPERTS OF

14   PLAINTIFF SUPPLEMENTAL BRIEFING OF NEARLY A THOUSAND PAGES OF

15   SOMEBODY WHO BASICALLY GAINSAY ANY RECORDS THAT A LENDER HAS,

16   EVERYTHING YOU SIGNED IS WRONG.  EVERYTHING YOU DID IS

17   WRONG --

18        THE COURT:  WE ARE BEGINNING TO SEE SOME CASES -- NOT

19   BEGINNING.  WE SEE CASES TRICKLING OUT OF THE NINTH CIRCUIT,

20   ONE FAIRLY RECENTLY, NOT IN POINT TO THIS ONE, WHERE THEY

21   BASICALLY REVERSED THE DISMISSAL OR SUMMARY JUDGMENT ON A CASE

22   INVOLVING A FORECLOSURE.

23        SO THERE HAVE BEEN CASES THAT ARE COMING OUT RECOGNIZING

24   RIGHTS UNDER THE HOMEOWNER'S BILL OF RIGHTS OR OTHER

25   CONTRACTUAL RIGHTS WHERE THEY ARE TELLING THE DISTRICT COURT

1    TO LOOK FURTHER INTO THE FORECLOSURE.  SO IT'S NOT LIKE THIS

2    IS BEING DONE FRIVOLOUSLY OR WITHOUT SOME SUCCESS EVEN AT THE

3    APPELLATE LEVEL, RIGHT?

4         **MR. JULIAN:**  THAT'S TRUE, YOUR HONOR, IN SOME CASES.

5    BUT LIKE I WAS ALLUDING TO, IN SOME CASES THERE'S A LOAN

6    MODIFICATION CONSIDERATION.  THERE MAY HAVE BEEN IN CERTAIN

7    CIRCUMSTANCES ERRORS OR OMISSIONS OR REASONS WHY SOMETHING IN

8    THAT PROCESS MAY HAVE BEEN SUBJECT TO CRITICISM OR ATTACK.

9    WE DON'T HAVE THAT HERE.  ALL WE HAVE HERE ARE THESE

10   HYPERTECHNICAL ARGUMENTS ABOUT THE NOTE AND ABOUT TRANSFER OF

11   A LOAN INTO A SECURITIZED TRUST.  AND AS WE LAID OUT IN OUR

12   BRIEFS, THAT'S BEEN SPECIFICALLY ADDRESSED BY THE COURTS.

13   I THINK HERE, WELL, WE HAVE TWO MOTIONS BEFORE THE COURT

14   FOR THE PRELIMINARY INJUNCTION AND TO DISMISS.  THE

15   PRELIMINARY INJUNCTION, I BELIEVE, THE LEGAL STANDARDS ARE

16   CLEAR.  IT'S PLAINTIFF'S BURDEN TO MAKE A CASE, WHICH WE

17   BELIEVE THEY FAILED TO DO FOR THIS COURT, THAT THEY ARE

18   ENTITLED TO AN INJUNCTION.

19   IF THE COURT WERE TO STAY THE RULING ON THAT INJUNCTION,

20   THAT WOULD EFFECTIVELY -- THAT WOULD HAVE THE EFFECT OF

21   GRANTING THE INJUNCTION.  IT WOULD CONTINUE TO DELAY THE

22   FORECLOSURE.

23   I DON'T THINK THAT'S A CORRECT OR EQUITABLE RESULT BECAUSE

24   THEY WOULD, IN EFFECT, ACTUALLY LOSE BUT WIN.  THEY WOULD LOSE

25   ON THE INJUNCTION ON THE MERITS, BUT ACTUALLY GET THE

1    PRACTICAL EFFECT OF A RULING GRANTING THE INJUNCTION.

2        WITH RESPECT TO THE MOTION TO DISMISS, U.S. BANK IS

3    MINDFUL OF THE FACT THAT ALL COURTS TAKE A LIBERAL VIEW WITH

4    RESPECT TO AMENDMENT, AND PROPERLY SO.  WHEN A LITIGANT COMES

5    TO COURT, IT IS PROPER THEY BE GIVEN EVERY OPPORTUNITY TO

6    STATE ANY TYPE OF COLORABLE CLAIM THAT THEY MAY HAVE.

7        HOWEVER, UNDER THE FACTS OF THIS CASE, GIVEN THE HISTORY

8    OF IT, GIVEN THE FACT THAT AN IDENTICAL CASE WAS FILED AND

9    FAILED IN STATE COURT, IT WAS REFILED VERBATIM IN THIS COURT,

10   I BELIEVE THAT PLAINTIFF HAS HAD MORE THAN ENOUGH EQUITABLE

11   CHANCES TO STATE A COLORABLE CLAIM, AND THERE ISN'T ONE.

12       BECAUSE, YOUR HONOR, IT'S SO NARROW.  IT'S ONLY FOCUSED ON

13   THE HYPERTECHNICAL ARGUMENTS.  THERE IS NO ACTUAL FACTUAL

14   VERBIAGE SAYING, I WANTED A LOAN MOD.  I TRIED TO CALL

15   SOMEBODY, THEY WOULDN'T CALL ME BACK.  ANY FACTUAL ALLEGATIONS

16   REGARDING INTERACTIONS WITH THE SERVICER WHO WAS NAMED IN THE

17   PRIOR ACTION AND FOR SOME REASON, NOT SURE WHY, WAS NOT NAMED

18   IN THIS ACTION.  IT REALLY IS A HYPERTECHNICAL FOCUS FOR

19   PURPOSES OF DELAY.

20           **THE COURT:**  ALL RIGHT.  ANYTHING NEW YOU WANT TO SAY

21   ON THIS POINT?

22           **MR. ESTAVILLO:**  JUST LASTLY, YOUR HONOR, I THINK THAT

23   WE'VE ALLEGED SUFFICIENT FACTS IN OUR REPLY THAT IF THE COURT

24   WERE TO GRANT THE MOTION TO DISMISS, IT SHOULD BE WITHOUT

25   LEAVE TO -- WITH LEAVE TO AMEND, EXCUSE ME.

1      BUT FURTHERMORE, I THINK THAT THIS ADDITIONAL -- THE

2  DECLARATION BY A RETAINED EXPERT WHO HAS BEEN QUALIFIED IN

3  OTHER CASES, HE'S NOT ONE OF THE INTERNET EXPERTS THAT YOU GET

4  REPORTS FROM.

5      AND I'VE BEEN DOING THIS FOR A LONG TIME.  AND I HAD USED

6  PEOPLE IN THE PAST THAT CLEARLY AREN'T QUALIFIED.  SO I WOULD

7  NOT --

8          **THE COURT:**  OF COURSE YOU FOUND OUT AFTER THE FACT.

9          **MR. ESTAVILLO:**  THE HARD WAY, YES, YOUR HONOR.

10         **THE COURT:**  YES.

11         **MR. ESTAVILLO:**  BUT THIS INDIVIDUAL HERE HAS A

12  BACKGROUND.  HE HAS BEEN QUALIFIED --

13         **THE COURT:**  I UNDERSTAND.  I CERTAINLY HAVE

14  CONSIDERED THAT.

15     ALL RIGHT.  WELL, THE MATTER IS SUBMITTED.  THANK YOU VERY

16  MUCH, COUNSEL.

17         **MR. ESTAVILLO:**  THANK YOU, YOUR HONOR.

18         **MR. JULIAN:**  THANK YOU, YOUR HONOR.

19             (PROCEEDINGS CONCLUDED AT 9:30 A.M.)

20

21

22

23

24

25

1

2                    <u>**CERTIFICATE OF REPORTER**</u>

3          I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

4    UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

5    CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

6    RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

7

8                         *Diane E. Skillman*

9            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

10                  WEDNESDAY, JULY 19, 2017

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25